JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Andrea Blount ("Blount"), was evicted after she was cited by the city of Warrensville Heights for tampering with electrical wires and the gas meter located inside her apartment. The Warrensville Heights police inspected Blount's apartment and discovered that an electrical wire was hooked up to illegally obtain electricity through the Cleveland Electric Illuminating Company ("CEI"), which had previously terminated service because Blount failed to pay her electric bill. According to the police report, Blount's live-in boyfriend, Hubert Baker ("Baker"), illegally hooked up the electricity using a bare wire after CEI cut off service to the apartment.
 {¶ 2} The police also discovered that the gas meter inside Blount's apartment was tampered with and the gas switch was turned to the "on" position, despite the fact that East Ohio Gas terminated gas service to Blount's apartment. After learning that there was an outstanding warrant for Baker's arrest in the city of Maple Heights for contempt of court, the police transported Baker to the Warrensville Heights police department for theft of service and the outstanding warrant. In addition, Blount was ordered by the Warrensville Heights Building Department to vacate the apartment to allow for the necessary repairs to the electric wire and upgrades to the electric and gas meter.
 {¶ 3} Upon receipt of the police report, the owner of the apartment, appellee J.M. Capital, Ltd. ("J.M. Capital"), initiated an action for forcible entry and detainer against Blount and sought money damages for unpaid rent and other damages incurred. Blount filed a counterclaim alleging that J.M. Capital was responsible for fixing the gas meter and restoring service pursuant to the lease agreement. After trial, the municipal court dismissed Blount's counterclaim and found that Blount owed J.M. Capital in the amount of $4,370 for rent and damages. The award included credit for the $380 gas meter upgrade for which Blount paid. Blount now appeals.
 {¶ 4} Although Blount cites four assignments of error,[1] the gravamen of her appeal asserts that the municipal court erred in awarding damages to J.M. Capital and in failing to award damages, including the rent deposit, to Blount. First, Blount argues that when she requested a dollar amount from J.M. Capital for the cited reason on the three-day eviction notice for "violation of lease — property damage," the ledger contained certain inaccuracies as to the rent and late charges paid by Blount. Because of these inaccuracies, Blount contends, the municipal court's award of damages to J.M. Capital should have been less.
 {¶ 5} Pursuant to the lease agreement, Blount agreed that J.M. Capital is not liable for any theft or any damage with respect to the gas and the electric, agreed not to remove any fixture or appurtenance from the apartment, and agreed to be bound by the rules and regulations of the city of Warrensville Heights. Blount violated her lease agreement when Baker illegally hooked up the electricity inside the apartment with a bare wire and violated Section 1377.16 of the Warrensville Heights Building Code by tampering with the electric and gas meter inside her apartment.[2]
Because of these violations (and thefts of service), J.M. Capital properly evicted Blount from her apartment and was entitled to any and all unpaid rent, as well as the security deposit for violating the lease agreement.
 {¶ 6} The municipal court relied on J.M. Capital's ledger when it awarded damages. Although Blount now argues that there are inaccuracies contained in the ledger, she fails to provide what amount the municipal court should have awarded J.M. Capital. Without more, Blount's argument is merely an allegation and provides this court with no evidence upon which to modify the damage award to J.M. Capital.
 {¶ 7} Blount also argues that, pursuant to the lease agreement, J.M. Capital was responsible for installing and paying for the required electric and gas meter base upgrade. As reflected by J.M. Capital's damages award, the municipal court inherently agreed as it specifically credited Blount in the amount of $380 for paying for the upgrade herself. Despite Blount's belief that she is entitled to more compensation because J.M. Capital was negligent, there is nothing before this court that warrants her belief. Thus, Blount's assignments of error are overruled and the decision of the municipal court is affirmed.
Judgment affirmed.
Blackmon, A.J., and Cooney, J., concur.
[1] Specifically, Blount contends as follows: (1) "Trial court failed to give adequate reasoning for awarding J.M. Capital, LTD. rent for the apartment even though Andrea Blount, appellant was not in the apartment due to J.M. Capital, LTD's negligence for not upgrading the meter base"; (2) "Trial court failed to give adequate reasoning for awarding damages to J.M. Capital, LTD."; (3) "Trial court failed to award adequate compensation for damages to Andrea Blount, appellant as a result of J.M. Capital, LTD's negligence"; and (4) "Trial court failed to give adequate reasoning for not giving credit for rent deposit."
[2] Section 1377.16 of the Warrensville Heights Building Code provides, in pertinent part, as follows: "Electrical facilities shall be provided with approved electrical service and shall be installed and maintained as to be free of potential source of ignition of combustible material or any potential source of electrical hazard."